# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kaylen Sanders

## DEFENDANTS
United States of America, United States Postal Service

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Lalli, Esquire; Silverman, Trotman, Schneider & Lalli; 1515 Market Street, Suite 1940, Philadelphia, PA

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28. U.S.C. Section 1346
Brief description of cause:
Postal Truck struck Plaintiff pedestrian and caused personal injury.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ <$150,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/27/26
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Philadelphia, Pennsylvania_____

---

***RELATED CASE IF ANY:*** Case Number: __NONE_____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☒ 16. All Other Federal Question Cases. *(Please specify)*: __FTCA, 28 U.S.C. Sec. 1346(b)__

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kaylen Sanders | : | CIVIL ACTION |
| v. | : | |
| United States of America, United States Postal Service | : | NO.  26-1295 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (x)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 2/27/26 | Michael Lalli | Kaylen Sanders |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-564-1414 | 215-564-1919 | mlalli@stslawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

**Silverman, Trotman, Schneider & Lalli, LLC**
Michael Lalli, Esquire, Id. № 203201
1515 Market Street – Suite 1940
Philadelphia, PA 19102
mlalli@stslawfirm.com
p. 215-564-1414
215-564-1919
Our File № 24073

*Attorneys for Plaintiff*

**Notice to Plead:**
You have 20 days to respond to this
Complaint of a Default Judgment may f.
be entered against you.
*Jury Trial Demanded*

**In the United States District Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| **Kaylen Sanders**<br>2819 N. Lambert Street, Apt. J<br>Philadelphia, PA 19132<br>　　　　　　　Plaintiff;<br><br>　v.<br><br>**United States of America**<br>Department of Justice/FTCA Section<br>175 N. Street, NE<br>11th Floor<br>Washington, DC 20002<br><br>　　**and**<br><br>**United States Postal Service**<br>475 L'Enfant Plaza SW<br>Washington, DC 20260<br>　　　　　　　Defendants. | **Civil Action №: 26-1295** |

**Plaintiff's Civil Action Complaint**

**The Parties**

1. Plaintiff, Kaylen Sanders (henceforth referred to as "Sanders" and/or "Plaintiff"), is an adult individual who resides at the address identified in the caption above.

2. Defendant, United States of America (henceforth referred to as "USA" and/or "Defendant"), is the federal government and maintains a principal office and/or registered address at the location identified in the caption above.

3. Defendant, United States Postal Service (henceforth referred to as "USPS" and/or "Defendant"), is an agency of the federal government with a principal office and/or registered address at the location identified in the caption above

4. The above-listed defendants may be collectively referred to as "Defendants."

5. At all times relevant to this Complaint, Defendant, USPS, by and through its agents, servants, employees, ostensible agents, and/or other representatives, acted on behalf of, in furtherance of, and in support of the goals of Defendant, USA.

6. At all times relevant to this Complaint, the Defendants acted and/or failed to act by and through their agents, servants, employees, ostensible agents, and/or other representatives, who acted within their course and scope of employment by Defendants and within the scope of their authority from Defendants.

## Jurisdiction

7. Jurisdiction is founded under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

8. Venue is proper in this District under 28 U.S.C. § 1391(e) because the acts and omissions giving rise to the claim occurred in this District.

9. Plaintiff timely presented an administrative claim to the United States Postal Service using Standard Form SF-95 on May 24, 2024. The claim was presented within two years of the accrual (February 27, 2024), as required by 28 U.S.C. § 2675(a).

10. More than six months have elapsed since the SF-95 was submitted and the agency has not made a final disposition, entitling Plaintiff to file this suit pursuant to 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b).

## Facts

11. On or about February 27, 2024 sometime between 12:00 PM and 1:00 PM, Plaintiff was a pedestrian walking at or near the intersection of 28th Street and York Street in Philadelphia, PA 19132.

12. On the same date, at the same time, and in the same location, an agent, employee, servant, ostensible agent, or other representative of Defendants was operating a USPS mail delivery truck.

13. Upon information and belief, the name of the driver of Defendants' delivery truck is "Rob."

14. At all times relevant, the agent, employee, servant, ostensible agent, or other representative of Defendants operated his vehicle in a negligent and/or careless manner, made a right turn when it was unsafe to do so, and struck Plaintiff while she was lawfully crossing the street in the crosswalk.

15. As a result of Defendant's negligence and the resulting collision, Plaintiff suffered injuries, including posttraumatic strain and sprain to her cervical, thoracic, and lumbar spine; cervical annular tear with disc herniations at C2-3; disc herniations at C3-4 and C4-5; disc bulge at C6-7; lumbar annular tear with disc herniation at L4-5; disc bulge at L3-4 and L5-S1; EMG confirmed radiculopathy at C5-7, L3-4, and L5-S1.

16. The incident and Plaintiffs' injuries resulted solely from the liability-producing conduct of the agent, employee, servant, ostensible agent, or other representative of Defendants and were not contributed to in any way by any act(s) and/or omission(s) on the part of Plaintiff.

17. At all times relevant hereto, Plaintiff was either: a) covered by a full tort option insurance policy; b) deemed full tort because plaintiff neither owned an automobile nor lived with a resident relative who owned a vehicle; c) deemed full tort because plaintiff suffered serious injury as defined in 75 Pa.C.S.A. §1702 permitting him to bring a claim for pain and suffering or other non-monetary damages; or d) deemed full tort as enumerated in 75 Pa.C.S.A. § 1705 (d)(1), (2) & (3).

**Count I**
**Sanders v. USA and USPS**
**<u>Negligence</u>**

18. Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth at length herein.

19. Defendants' agent, employee, servant, ostensible agent, or other representative operated the Defendants' vehicle in a negligent manner that caused this collision and Plaintiff's related injuries.

20. The negligent, careless, unreasonable and/or other liability-producing conduct of Defendants and their agent, employee, servant, ostensible agent, or other representative include the following:

   a. failing to reasonably and/or properly operate and/or control Defendants' vehicle under the circumstances;

   b. operating a vehicle with disregard for the rights, safety and/or position of the Plaintiff under the circumstances;

  c. failing to operate and/or control Defendants' vehicle with reasonable and/or appropriate care under the circumstances;

  d. operating a vehicle at an excessive and/or unsafe rate of speed under the circumstances;

  e. failing to maintain a reasonable and/or proper lookout;

  f. failing to keep a watchful eye;

  g. operating a vehicle without proper practice, training and/or license;

  h. violation of applicable laws, regulations and/or ordinances and the like relating to operation of vehicles;

  i. driving while distracted;

  j. failing to follow traffic signals;

  k. failing to maintain a safe speed;

  l. failing to properly yield;

  m. striking plaintiff; and,

  n. failing to properly train, supervise, and/or monitor the operators of their mail delivery trucks including the operator who struck Plaintiff.

21. As a direct and proximate result of this incident, Plaintiff suffered serious and severe bodily injuries, which are or may be permanent in nature.

22. As a further result of this incident, Plaintiff has been obligated to receive medical attention and care for said injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future; therefore, Plaintiff is entitled to recover any and all related medical expenses and costs.

23. As a further result of this incident, Plaintiff has been unable to attend to daily chores, duties, and occupations and may be unable to do so for an indefinite period of time in the future.

24. As a further result of this incident, Plaintiff has suffered loss of wages and loss of earning capacity and may continue to do so for an indefinite time in the future.

25. As a further result of this incident, Plaintiff has or may continue in the future to incur other financial expenses or losses.

26. As a further result of this incident, Plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconvenience, and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

27. **Wherefore**, Plaintiff demands judgment in her favor and against Defendants, for compensatory damages in an amount within the $150,000 arbitration amount set forth in Rule 53.2 plus attorney's fees, costs and expenditures, sums, delay damages, pre- and post-judgment interest, and any further relief as is just and appropriate.

**Silverman, Trotman, Schneider & Lalli, LLC**

By: _____
Michael Lalli, Esquire
1515 Market Street – Suite 1940
Philadelphia, PA 19102
mlalli@stslawfirm.com
p. 215.564.1414
f. 215.564.1919
*Attorneys for Plaintiff*

Dated: February 27, 2026